IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| HARVY NETHAN FAROUK ABDELMALK, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 2:26-cv-02820-TLP-cgc |
| CHRISTOPHER BULLOCK, | ) ) ) | |
| Respondent. | ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Harvy Nethan Farouk Abdelmalk, a noncitizen detained in the Western District of Tennessee petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) The Court ordered Respondent to show cause why the Writ should not be granted. (ECF No. 6.) Respondent responded (ECF No. 9), and Petitioner replied (ECF No. 10). For the reasons below, the Court **DENIES** the Petition and **DISMISSES** this case **WITHOUT PREJUDICE**.

**BACKGROUND**

Petitioner entered the United States in early August 2024.[1] (ECF No. 9-2 at PageID 40; *see* ECF No. 10 at PageID 45 n.1). The Department of Homeland Security ("DHS") then issued Petitioner a Notice to Appear, charging him under the Immigration and Nationality Act "an alien present in the United States who has not been admitted or paroled." (ECF No. 9-1 at PageID

---

[1] It is unclear whether Petitioner is a citizen of Jordan or Egypt. (*See* ECF No. 1 at PageID 2 (Egypt); ECF No. 9-1 at PageID 36 (Jordan); ECF No. 9-2 at PageID 39 (Egypt); ECF No. 10 at PageID 45 (noting discrepancy).)

36.)  DHS released Petitioner from custody after an asylum officer found that he had a credible fear of returning to his home country.  (*See* ECF No. 9-2 at PageID 40.)

On July 6, 2026, the U.S. Immigration and Customs Enforcement ("ICE") served Petitioner with an arrest warrant and re-detained him in Nashville, Tennessee.  (*Id.*)  He has no known criminal history.  (*Id.* at PageID 41.)  According to Petitioner, ICE detained him after he reported to a supervised release check-in.  (ECF No. 1 at PageID 2.)  Petitioner is currently in ICE custody at the West Tennessee Detention Center.  (ECF No. 9 at PageID 32.)

Petitioner alleges his detention "without any individualized determination that continued confinement is necessary to ensure his appearance at proceedings or to the protect the community" is illegal and violates the Constitution.  (ECF No. 1 at PageID 2.)  He seeks "immediate release from immigration custody" or, in the alternative, "a prompt individualized custody hearing before a neutral adjudicator."  (*Id.* at PageID 10.)  Respondent argues that the Court should dismiss the Petition because Petitioner has failed to exhaust his remedies and is lawfully detained under 8 U.S.C. § 1225(b)(1).

### ANALYSIS

Administrative exhaustion is required when mandated by Congress.  *See McCarthy v. Madigan*, 503 U.S. 140, 144 (1992).  But when, as here, no statute mandates exhaustion, whether to require exhaustion of administrative remedies lies within "sound judicial discretion."  *Id.*  In exercising that discretion, "federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion."  *Id.* at 146; *see Smith v. United States Sec. & Exch. Comm'n*, 171 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citation omitted)).  Institutional

interests are "protecting administrative agency authority and promoting judicial efficiency." *McCarthy*, 503 U.S. at 145.

There are times when the interest of the individual weighs heavily against the institutional interests at stake. This includes when an "unreasonable or indefinite timeframe for administrative action" creates undue prejudice; when administrative remedies are inadequate because the agency is not "empowered" to grant effective relief; or when "an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it." *Id.* at 146–48. A court may also waive exhaustion when pursuing administrative remedies would be futile. *Shearson v. Holder*, 725 F.3d 588, 594 (6th Cir. 2013) (citation omitted).

Petitioner asks the Court to excuse administrative exhaustion. (ECF No. 10 at PageID 51.) Petitioner argues that: (1) he attempted to file a bond request but Respondent's "own paperwork delay prevented the immigration court" from docketing his filing; (2) immigration judges have no jurisdiction to adjudicate a bond redetermination under *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025); and (3) the Court has excused exhaustion in other habeas cases filed by noncitizens. (ECF No. 10 at PageID 51–54.)

The Court considers each argument in turn. Petitioner filed for a bond redetermination with the Executive Office for Immigration Review ("EOIR") on July 20, 2026, which is about two weeks after being detained. (ECF No. 10-1 at PageID 56.) The EOIR rejected his request the following day because Respondent had yet to file the I-830 Form "needed to lodge Petitioner's case with the detained docket." (ECF No. 10 at PageID 52.) It then instructed Petitioner to "refile with the administrative court." (ECF No. 10-1 at PageID 56.) The Court is unaware if Petitioner has indeed refiled with the administrative court or otherwise continued to

3

pursue a bond hearing. But it appears that the procedural error could quickly be cured. So the delay in and of itself does not require casting administrative exhaustion aside.

Petitioner's second argument about the immigration court lacking jurisdiction is more compelling but still does not require reversing course. Perhaps when Petitioner receives his bond hearing—if he has not had one already—the immigration judge will deny bond because it finds that § 1225(a) governs this detention. But if that turns out to be in error, Petitioner appealing that determination to the Board of Immigration Appeals ("BIA") supports the "commonsense notion of dispute resolution that an agency ought to have an opportunity to correct its own mistakes . . . before it is haled into federal court." *McCarthy*, 503 U.S. at 145. The Court thus declines to speculate about the immigration judge or BIA's decision on the matter. *Cf. Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 676 (6th Cir. 2018) ("Before delving into any constitutional quandary, we usually give the Executive a chance to confirm that the relevant statutes and regulations apply to the petitioner in the way that he claims. Without doing so, the courts would have no idea how things would shake out."); *Smith*, 178 F.4th at 325 ("We view the crucial inquiry as whether the agency can provide the relief requested if the argument succeeds, not whether it is likely to succeed." (citations omitted)).

Finally, it is true that this Court has excused exhaustion for some noncitizens challenging their detention before ruling on their petitions. That was because before *Lopez-Campos*, administrative exhaustion was futile. *See, e.g.*, *Urrutia-Diaz v. Ladwig*, No. 25-3098, 2025 WL 3689158, at *3–4 (W.D. Tenn. Feb. 13, 2026). But the Court has started to doubt that approach given the Sixth Circuit's ruling *Lopez-Campos* and Respondent's commitment to apply its holding in the numerous habeas cases the Court considers each week. *See Rodriguez v. Bullock*, No. 2:26-cv-02726-TLP-tmp (W.D. Tenn. Aug. 3, 2026). And given these developments, the

4

Court finds it more appropriate to abide by "the general rule that parties exhaust prescribed administrative remedies before seeking relief from federal courts." *McCarthy*, 503 U.S. at 144–45 (citation omitted); *see also Bartolon v. Bondi*, 813 F. Supp. 3d 811, 825 (S.D. Ohio 2025) ("Petitioner's apparent attempt to sidestep the BIA appeals process in favor of habeas review highlights the need for an exhaustion requirement here to protect agency authority, limit interference with agency affairs, and promote judicial efficiency." (citing *Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir. 2003)).

For these reasons, the Court concludes that Petitioner must exhaust his available administrative remedies before seeking federal-court intervention.

## CONCLUSION

Because Petitioner failed to exhaust his administrative remedies, the Court **DENIES** the Petition and **DISMISSES** this case **WITHOUT PREJUDICE**.

**SO ORDERED**, this 11th day of August, 2026.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE